UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAIME ANDRES GUZMAN-MANRIQUE,

Petitioner,

-against-

ACTING FIELD OFFICE DIRECTOR OF NEW YORK IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,

Respondents.

26-CV-9425 (LJL)

TRANSFER ORDER

LEWIS J. LIMAN, United States District Judge:

Petitioner brings this petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. Dkt. No. 1. For the following reasons, the Court transfers this action to the United States District Court for the District of New Jersey.

In order to entertain a *habeas corpus* petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494–95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seeks relief, but upon his or her custodian). Thus, the jurisdiction of a *habeas* petition challenging a petitioner's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004).

Petitioner was arrested by immigration authorities at approximately 8:00 a.m. on October 27, 2026 in Queens, New York. Dkt. No. 1 ¶ 6; Dkt. No. 6 at 1. At that point, Petitioner was in the Eastern District of New York. The *habeas* petition filed by Petitioner's next friend alleges that Petitioner has been detained at 26 Federal Plaza in New York, New York since his arrest, Dkt. No. 1 ¶ 6, and that he was detained at 26 Federal Plaza at the time of the filing of his petition, *id.* ¶ 1. However, the Government states that upon his arrest, ICE transported Petitioner directly from Queens to Newark, New Jersey, where he arrived at ICE's Newark hold room at

approximately 10:30 a.m. on October 27, and that Petitioner was not processed at or taken to 26 Federal Plaza in Manhattan. Dkt. No. 6 at 1. After processing at the Newark hold room, Petitioner was booked into the Delaney Hall Detention Facility in Newark, New Jersey that same day. *Id.* At the conference held this afternoon, the next friend of Petitioner, Leidy Catherine Carvajal Tobar, stated that Petitioner relayed upon his arrest that he may be taken to 26 Federal Plaza for processing, but that he never confirmed that he was taken there. The next friend filed this petition at 4:20 p.m. on October 27. *See* Dkt. Nos. 7, 7-1. The Court concludes, based on the information provided to the Court by the Government and the next friend, that at that point in time, Petitioner was located in the judicial district of the District of New Jersey.

Accordingly, because Petitioner was not located in the Southern District of New York at the time he filed this Petition, and therefore, the Court does not have jurisdiction over his custodian, *see Padilla*, 542 U.S. at 441, in the interest of justice, the Court transfers this petition to the United States District Court for the District of New Jersey. *See* 28 U.S.C. §§ 1404(a), 1406(a). The Newark address of the District Court is Martin Luther King Building and U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102. The telephone number is (973) 645-3730. Any requests for the appointment of pro bono counsel shall be made to that Court.

The Government further reports that Petitioner was admitted to a hospital in Newark, New Jersey on the evening of October 27 and, to the Government's knowledge, has not yet been discharged from the hospital but will be returned to Delaney Hall upon his discharge. Dkt. No. 8. At today's conference, the Government stated that although the letter it filed at Dkt. No. 8 states that Petitioner was hospitalized following an altercation with another detainee at Delaney Hall, the Government has since been informed by ICE that Petitioner alleges that he was injured

by an ICE officer. The Court directs the Government to file an updated letter correcting the prior misstatement.

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the District of New Jersey.

To ensure that Petitioner has an opportunity to have this petition considered by the District of New Jersey, and to preserve the status quo, **the Court enjoins the Government from removing Petitioner from a facility within this District, the District of New Jersey, or the Eastern District of New York**. *See Khalil v. Joyce*, 771 F. Supp. 3d 268, 291 (S.D.N.Y. 2025) ("[T]o ensure that [Petitioner] gets an opportunity to have his Petition and these motions considered by a court in the normal course—and to preserve the status quo—the Court's . . . Order barring the Government from removing him (to which the Government has never raised an objection and which the Government has not asked the Court to lift in the event of transfer) shall similarly remain in effect unless and until the transferee court orders otherwise.").

**The Court waives Local Civil Rule 83.1, which requires a seven-day delay before the Clerk of Court may transfer a case, and directs immediate transfer.**

**The United States Attorney is directed forthwith to alert the Chief of the Civil Division for the United States Attorney's Office for the District of New Jersey of the transfer of this matter.**

The Court directs the Clerk of Court to mail a copy of this Order to Petitioner and email next friend Leidy Catherine Carvajal Tobar at the addresses on record.

This Order closes the case in the Southern District of New York.

SO ORDERED.

Dated: October 30, 2026
New York, New York



LEWIS J. LIMAN
United States District Judge